**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 1 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JANE DOE, | No. 20-15450 |
| Plaintiff-Appellant, | D.C. No. 3:19-cv-04923-SI |
| v. | |
| TIMOTHY WHITE; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Susan Illston, District Judge, Presiding

Argued and Submitted March 9, 2021
Submission Vacated March 9, 2021
Resubmitted May 25, 2021
San Francisco, California

Before: WALLACE, GOULD, and FRIEDLAND, Circuit Judges.

Plaintiff Jane Doe was investigated for sexual misconduct while she was enrolled as a graduate student at Sonoma State University (the University). She alleges that she was suspended from the University for fourteen months while the complaints against her were investigated. She further alleges that the University

---

   *   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

failed to afford her a hearing before suspending her, which she claims violated her procedural due process rights under the Fourteenth Amendment.

She brought this action for damages pursuant to 42 U.S.C. § 1983 against various University administrators in their individual capacities. The district court dismissed the case, concluding that the University administrators were entitled to qualified immunity. "Qualified immunity shields . . . state officials from money damages unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011). We may address the two requirements in either order. *Id.* Because the district court correctly concluded that Doe has not alleged the deprivation of a clearly established property or liberty interest, we affirm.

A procedural due process claim requires a plaintiff to, "as a threshold matter, identify a liberty or property interest protected by the Constitution." *United States v. Guillen-Cervantes*, 748 F.3d 870, 872 (9th Cir. 2014). To overcome a qualified immunity defense, clearly established law must recognize the claimed liberty or property interest. *Krainski v. Nevada ex rel. Bd. of Regents*, 616 F.3d 963, 970 (9th Cir. 2010).

1. Doe has not alleged a deprivation of a clearly established property interest. Because the Due Process Clause does not create freestanding property

2

interests, a plaintiff must identify a cognizable property interest based on an "independent source such as state law." *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 577 (1972); *see Goss v. Lopez*, 419 U.S. 565, 572–73 (1975). We, therefore, examine California law to decide whether Doe had a clearly established property interest in her continued attendance at a state university.

Some California appellate courts have recognized a contractual relationship between students and universities, and Doe argues this contractual relationship creates a property interest. *See, e.g.*, *Zumbrun v. Univ. of S. Cal.*, 101 Cal. Rptr. 499, 504 (Ct. App. 1972); *Andersen v. Regents of Univ. of Cal.*, 99 Cal. Rptr. 531, 535 (Ct. App. 1972). Although these cases have persuasive value, they do not put the existence of a property interest "beyond debate." *Ashcroft*, 563 U.S. at 741.

The California Supreme Court itself has never held that the relationship between students and universities sounds in contract. To the contrary, it has expressed concern that "the framing of the student-university relationship in contractual terms . . . incorrectly portrays the manner in which the parties themselves view the relationship." *Paulsen v. Golden Gate Univ.*, 602 P.2d 778, 783 n.7 (Cal. 1979). Given the state supreme court's ambivalence, the intermediate appellate courts have recognized uncertainty in the state law. *See, e.g.*, *Lachtman v. Regents of Univ. of Cal.*, 70 Cal. Rptr. 3d 147, 156 (Ct. App. 2007) (acknowledging the lack of controlling authority on whether "a student has a

3

property or liberty interest in continued enrollment in good standing in an academic program"); *Kashmiri v. Regents of Univ. of Cal.*, 67 Cal. Rptr. 3d 635, 646 n.9 (Ct. App. 2007) (observing that "[t]here are very few California cases addressing the relationship between the student and educational institutions").

Because California law remains unsettled, we cannot conclude that the precedent is "clear enough that every reasonable official would interpret it to establish the particular rule the plaintiff seeks to apply." *District of Columbia v. Wesby*, 138 S. Ct. 577, 590 (2018).[1]  We therefore hold that Doe has not alleged the deprivation of a clearly established property interest.

2.  Doe also has not stated a claim for the deprivation of a liberty interest protected by the Due Process Clause.  Under the "stigma-plus" test, a plaintiff has a liberty interest in avoiding "reputational harm only when [that] plaintiff suffers

---

[1] We reject the argument that cases reviewing the fairness of university disciplinary procedures under California's writ of administrative mandate statute, Cal. Civ. Proc. Code § 1094.5, establish a property interest.  Although these cases have incorporated some concepts from the due process caselaw, writ of mandate proceedings do not turn on whether a plaintiff has been deprived of a property interest.  *See Pomona Coll. v. Superior Ct.*, 53 Cal. Rptr. 2d 662, 664, 670 (Ct. App. 1996) (holding that a writ of mandate was the exclusive remedy for the plaintiff's claims, even though "he ha[d] not been deprived of any liberty or property interest sufficient to require a formal hearing under the due process clause"); *see also Doe v. Univ. of S. Cal.*, 238 Cal. Rptr. 3d 856, 862 n.11 (Ct. App. 2018) (recognizing that a different standard of review would apply if the student "had a vested contractual right and property interest in attending" the university, and that the student had abandoned the property-interest argument on appeal).

stigma from governmental action plus alteration or extinguishment of a right or status previously recognized by state law." *Endy v. County of Los Angeles*, 975 F.3d 757, 764 (9th Cir. 2020) (quotation marks omitted). Doe's stigma-plus claim fails for two reasons.

First, to succeed on a stigma-plus claim, "a plaintiff must show the public disclosure of a stigmatizing statement by the government." *Ulrich v. City & County of San Francisco*, 308 F.3d 968, 982 (9th Cir. 2002). Doe's Complaint contains no allegations that Defendants publicly disclosed the charges in the misconduct investigation.

Second, Doe has not alleged a sufficient "plus" factor. Damage to Doe's academic reputation is "mere reputational injury," which does not itself create a liberty interest. *Krainski*, 616 F.3d at 971. Similarly, loss of future earning potential and reduced employment or graduate education opportunities are not by themselves enough to support a claim. *Id.* To the extent Doe claims that the University changed her legal status by suspending her, she seems to be restating her contract-based property interest theory, not articulating a stigma-plus claim. *See WMX Techs., Inc. v. Miller*, 197 F.3d 367, 376 (9th Cir. 1999) (en banc).

3. Because we conclude that Doe has not alleged a deprivation of a clearly established property or liberty interest, we need not decide whether the procedures employed by the University comported with due process. The Defendants are

entitled to qualified immunity, and the district court correctly dismissed the case.

**AFFIRMED.**